UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONATHAN MABON and MYKELA MANGRAM, | § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § § | Civil Action No. 3:25-CV-1824-X |
| OUTBACK STEAKHOUSE OF FLORIDA, LLC, | § § § | |
| *Defendant*. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Outback Steakhouse of Florida, LLC's (Outback) Motion for Summary Judgment. (Doc. 20.) After due consideration, the Court **GRANTS** the motion.

On April 13, 2024, Plaintiffs Jonathan Mabon (Mabon) and Mykela Mangram (Mangram) decided to take a holiday from the ordinary and have a bloomin' great time. They did not just go out, they went Outback.[1] The night turned more adventurous than they planned—the booth collapsed.[2] A bold and wild finish to what had been a good time with Outback steakhouse.

Mabon and Mangram sued, bringing a premises liability claim. Outback moved for a no evidence summary judgment, asserting Mabon and Mangram failed

---

[1] Outback Steakhouse Jingles and Slogans, Commercial Jingles and Slogans Wiki, https://commercial-jingles-and-slogans.fandom.com/wiki/Outback_Steakhouse (accessed April 9, 2026).

[2] Doc. 1, 10.

to provide any evidence that Outback had the requisite actual or constructive notice of a hazardous condition.[3]

Mabon and Mangram did not respond and thus have failed to provide any evidence that Outback had actual or constructive notice of a hazardous condition. So, Assuie Rules, Outback is entitled to judgment as a matter of law.[4]

**IT IS SO ORDERED** this 10th day of April, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[3] *See, e.g.*, *Henkel v. Norman*, 441 S.W. 3d 249, 251–52 (Tex. 2014) (per curiam) ("To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements: (1) the property owner had actual or constructive knowledge of the condition causing the injury…").

[4] *See Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 335 (5th Cir. 2017) ("Under federal law, however, it has long been the rule that when the nonmovant has the burden of proof at trial, the moving party may make a proper summary judgment motion, thereby shifting the summary judgment burden to the nonmovant, with an allegation that the nonmovant has failed to establish an element essential to that party's case.").